# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0446V
### UNPUBLISHED

| | |
|---|---|
| CHRISTINA WELLS,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 17, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

## RULING ON ENTITLEMENT[1]

On April 16, 2020, Christina Wells filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a left shoulder injury related to vaccine administration (SIRVA) as a result of an influenza ("flu") vaccine administered on October 25, 2018. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 17, 2021, Respondent filed his Rule 4(c) report in which he states that he does not contest that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, it is Respondent's position that Petitioner "has satisfied the criteria set forth in the Vaccine Injury Table ("Table") and the

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Qualifications and Aids to Interpretation ("QAI") for SIRVA." *Id.* at 4. Respondent "[has] not identif[ied] any other causes for [P]etitioner's SIRVA," and agreed that "[P]etitioner meets the statutory requirements by suffering the condition for more than six months." *Id.* Therefore, based on the record as it now stands, Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master